**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

CLARICE MACHIA
GUTMANN-CROWN,

      Plaintiff,

v.                                Case No.  5:25-cv-365-TKW-MJF

STEPHEN FRANCIS
GUTMANN, *et al.*,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

In this § 1983 action, the undersigned struck Plaintiff's first amended complaint because it was a "shotgun" pleading. Doc. 12. Undeterred, Plaintiff responded by filing yet another shotgun pleading. Doc. 13. Because the undersigned provided Plaintiff with detailed instructions to assist her in complying with the Federal Rules of Civil Procedure and the Local Rules, and because Plaintiff elected to disregard the undersigned's order and file yet another shotgun pleading, the District Court should dismiss this civil action.

**BACKGROUND**

On December 22, 2025, Plaintiff initiated this civil action by filing a complaint pursuant to 28 U.S.C. § 1331. Doc. 1. On the same day, Plaintiff filed a first amended complaint. Doc. 3.

**A.    The Undersigned Struck Plaintiff's First Amended Complaint Because it was a "Shotgun Pleading"**

Because Plaintiff's first amended complaint violated Rule 8(a) and Rule 10 of the Federal Rules of Civil Procedure, the undersigned struck the first amended complaint and ordered Plaintiff to replead. Doc. 12. The undersigned provided Plaintiff detailed instructions to ensure that Plaintiff complied with the Federal Rules of Civil Procedure. *Id.* Among other things, the undersigned specifically ordered Plaintiff not to adopt the allegations of preceding counts in subsequent counts. *Id.* at 4. Pursuant to Local Rule 5.7(A), the undersigned also ordered Plaintiff to use the complaint form approved for mandatory use by *pro se* plaintiffs in the Northern District of Florida.

**B.    In Violation of the Undersigned's Order, Plaintiff Files a Second Amended Complaint that also is a "Shotgun" Pleading**

On May 18, 2026, Plaintiff filed a second amended complaint pursuant to 42 U.S.C. § 1983. Doc. 13. Plaintiff purports to sue six named

Page 2 of 8

Defendants and twenty-five "John Doe" Defendants. *Id.* at 2. Plaintiff attempts to assert the following claims:

- "Violation of Due Process (Fourteenth Amendment)";

- "Interference with Parental Rights"; and

- "Joint Action/Conspiratorial Conduct."

Doc. 13 at 5–6.

Contrary to the Federal Rules of Civil Procedure and the undersigned's order, Plaintiff's second amended complaint includes counts that adopt and incorporate preceding counts. Furthermore, Plaintiff violated the Local Rules and the undersigned's order by not using the mandatory complaint form approved for use in the Northern District of Florida. Doc. 13.

### DISCUSSION

**A.    <u>Plaintiff's Second Amended Complaint is a "Shotgun" Pleading that Violates the Federal Rules of Civil Procedure</u>**

Plaintiff's second amended complaint constitutes an impermissible "shotgun" pleading that violates the Federal Rules of Civil Procedure.

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a

separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to remedy such deficiencies." *Id.* But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on

shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Plaintiff alleges three counts: "Violation of Due Process," "Interference with Parental Rights," and "Joint Action/Conspiratorial Conduct." Doc. 13 at 4. In each count Plaintiff states that she "incorporates all prior paragraphs as though fully stated herein." *Id.* Plaintiff's complaint therefore is a quintessential shotgun pleading where each successive count impermissibly adopts the allegations of the preceding counts.

This manner of pleading causes "each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. As a result, "each count is replete with factual allegations that could not possibly be material to that specific count, and . . . any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). This plainly violates the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1321–22; *Magluta*, 256 F.3d at 1284.

As noted above, the undersigned *specifically* instructed Plaintiff not to file a second amended complaint where each successive count adopted the allegations of the preceding counts. Doc. 12 at 2–3. Plaintiff blatantly disregarded the undersigned's clear instructions despite being afforded an opportunity to correct various deficiencies. Because Plaintiff's second amended complaint is a "shotgun" pleading, the District Court should dismiss this action.

## B.   **Plaintiff Violated a Court Order and Local Rule 5.7(A)**

There is a second, independent reason the District Court should dismiss this civil action: Plaintiff failed to comply with a court order and her second amended complaint violates Local Rule 5.7(A).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order" and the Local Rules. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025) ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules."); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an

action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

Rule 5.7(A) of the Local Rules for the Northern District of Florida requires *pro se* litigants suing under § 1983 to use the court's civil-rights complaint form. *See* N.D. Fla. Loc. R. 5.7(A). On April 17, 2026, the undersigned notified Plaintiff that her first amended complaint violated Local Rule 5.7(A). Doc. 12 at 5–6. The undersigned ordered Plaintiff to use the mandatory form for any subsequent complaint. *Id.*

Plaintiff violated Local Rule 5.7(A) and the undersigned's order of April 17, 2026, insofar as her second amended complaint is not on the form approved for use in the Northern District of Florida. Because Plaintiff violated the Local Rules and a court order, the District Court also should dismiss this civil action pursuant to its inherent authority to manage its docket and enforce the Local Rules.

### CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1.   **DISMISS** this civil action; and

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this <u>18th</u> day of May 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**